IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL CODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:09-cv-940-TFM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Daniel Cody ("Cody") applied for disability insurance and supplemental security income benefits pursuant to Title II and Title XVI of the Social Security Act 42 U.S.C. §§ 402-433, 1381-1383c (R. 73-75, 84).  By operation of law, the Commissioner's determination that Cody was not disabled became a final decision after unfavorable rulings administratively and after the Appeals Council rejected Cody's request to review the decision of the Administrative Law Judge ("ALJ")  After judicial review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3),[1] the Court **AFFIRMS** the Commissioner's decision.

**I.  STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The Court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Dyer v. Barnhart,* 395 F. 3d 1206, 1210 (11th Cir. 2005)*; Walden v. Schweiker*, 672 F.2d 835 (11th Cir.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

1982). Instead, the Court's role is to scrutinize the whole administrative record to ensure that the Commissioner's decision is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.,* 363 F. 3d 1155, 1158 (11th Cir. 2004)(*per curiam*); *Wilson v. Barnhart,* 284 F. 3d 1219, 1221 (11th Cir. 2001), *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401(1971); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986). The evidence supporting the Commissioner's decision does not need to be overwhelming, but it must provide more than a mere scintilla of support. *Dyer,* 395 F.3d at 1210. The Court must also be cautious not to reverse the Commissioner's decision because it would have reached a different conclusion based on the evidence. *See MacGregor,* 786 F.2d at 1053.

## II.  ADMINISTRATIVE FINDINGS

Cody was 38 years old at the time of the hearing. Cody has a 12th grade education and was last employed in June, 2005. In his application, Cody alleges he is disabled due to regular severe headaches, impaired balance, difficulty sleeping, side effects of nausea, drowsiness, and sleepiness from his medications. (R. 73-75, 84). The ALJ found Cody has not engaged in substantial gainful activity since his onset date of June 20, 2005, and that he is severely impaired by status post left cavernous sinus meningioma and left eye neuropathy. (R.38). The ALJ held that Cody's impairments – both severe and non-severe, considered singularly and in combination – did not meet or equal the severity of a listed impairment. (R. 42). The ALJ ruled that Cody has the residual functional capacity (RFC) to perform medium work with certain limitations.

## III.  ISSUES

On appeal Cody argues three issues. First, Cody argues the RFC finding is not supported

by opinions from an examining physician and the Court must remand the case for a medical opinion to determine whether his visual impairments meet or equal the listing. Next, Cody argues the ALJ's credibility findings are not supported by substantial evidence. Finally, Cody argues the Commissioner did not meet his burden of proof regarding his ability to perform other work.

## IV.  FINDINGS

### A.  The ALJ findings regarding RFC were proper.

Cody argues that the ALJ erred in his RFC findings because an RFC is a medical assessment which an ALJ cannot make without medical evidence to support his decision. Cody posits that the ALJ had insufficient evidence to determine his RFC.

In a nutshell, RFC is the most a person can still do despite their limitations. 20 C.F.R. §404.1527(e)(2), 20 C.F.R. §1545(a). RFC is an issue for the Commissioner to determine 20 C.F.R.§404.1527(a)(1)and (3). In substance, both parties agree in their briefs that the RFC determination must rest upon sufficient medical evidence. The Court concludes the ALJ had sufficient evidence to support his RFC findings with respect to Cody.

Listing 2.00 defines whether disability exists for lack of visual acuity. Listing 2.00 requires loss of visual acuity with remaining vision in the better eye after best correction is 20/200 or less; contraction of the visual field in the better eye, with (a) the widest diameter subtending an angle around the point of fixation no greater than 20 degrees; OR (b) a mean deviation of -22 or worse, determined by automated static threshold perimetry as described in 2.00A6a(v); OR loss of visual efficiency with visual efficiency of the better eye of 20 percent or less after best correction. See 20 C.F.R. pt. 404, subt, P, app. 1, §§ 2.02, 2.03, 2.04.

To meet a listing one must meet all specified medical criteria for a listing. *Sullivan v. Zebley*, 493 U.S. 521, 525, 530 (1990). Unquestionably Cody became blind in his left eye after radiation treatment to halt a brain tumor. Medical records before the ALJ reveal Cody had better than 20/200 vision in his right eye and more than 20 percent visual efficiency. (R. 226). Cody's visual acuity in his right eye ranged from 20/20 at best to 20/60 at worst as measured by physicians between April, 2006 and March, 2008. (R. 223,227, 236, 257, 262, 273). Cody obviously does not meet the listing with respect to loss of visual acuity in his right eye.

A claimant may establish disability if the visual field contraction meets the Listing. Cody has contraction of the visual field in his right eye but not to the extent required by Listing 2.03. Listing 2.03 requires a claimant to establish a visual field deficit greater than 20 degrees. Medical measurements reveal Cody had a mean deviation loss of -8.13 in April, 2006, -11.41 in May, 2006 and -19.42 in July, 2006. (R. 223-241). All of the measurements are less than 20 degrees, hence Cody has not shown he not meets the listing requirement for contraction of the visual field. Cody has the burden to prove he meets or exceeds the listings. *Wilson v. Barnhart*, 284 F. 3d 1219, 1224 (11th Cir. 2002); *Bell v. Bowen,* 796 F. 2d 1350, 1353(11th Cir. 1986). Without more, the Court agrees with the ALJ that Cody has not shown his lack of visual acuity renders him disabled under the Act.

Cody argues the ALJ should have either found Cody disabled because a medical expert would conclude Cody meets the visual impairment listing or remand the case for medical review. Cody is wrong in two respects. First, the argument is a mere assertion which lacks any medical support. Next, the Commissioner must make the final determination as to whether a claimant is disabled or not. 20 C.F.R. § 404.929. To make a disability determination the ALJ must consider

medical evidence but the claimant has the burden to produce the necessary medical evidence. *Wilson*, 284 F.3d at 1224; *Bell,* 796 F.2d at 1353; 20 C.F.R. 404.1520(d).  The ALJ has broad discretion to obtain or not obtain further medical evidence.  20 C.F.R. §404.1527; Social Security Ruling 96-6p.  Cody presented additional medical evidence to the ALJ at the hearing and had 30 additional days to present further medical evidence if he chose.  To the extent medical evidence is lacking, the ALJ and likewise the Court must conclude no further medical evidence exists to prove Cody meets the Listing vis a vis his lack of visual acuity. An ALJ may assume a claimant represented by counsel has presented his strongest case for benefits.  *See Skinner v. Astrue,* 479 F. 3d 836, 842 (7th Cir. 2007); *Genn v. Sec'y of HHS.,* 814 F.2d 387, 391 (7th Cir.l987).  No good reason is before the Court to explain or excuse why Cody did not produce more evidence, if such exists, to prove he meets the Listings.  Cody has the burden to prove he is disabled under the Act.  20 C.F.R. §404.1512(a) and (c).  Hence, the Court agrees with the Commissioner that Cody's argument does not warrant remand.

### B.  The ALJ made proper crediblity findings supported by substantial evidence.

Credibility determinations fall within the ambit of the fact finder, which in Social Security cases is the ALJ, not the Courts.  *Sellers v Barnhart*, 246 F. Supp. 2d 1201, 1213 (M.D. Ala 2002).  The ALJ is particularly well suited to choose from conflicting evidence the evidence most worthy of belief.  *Bloodsworth v. Heckler*, 703 F. 2d 1233, 1239 (11th Cir. 1983).  The Court reviews the credibility determinations of the ALJ to determine whether they rest upon substantial evidence.  *Hand v. Heckler,* 761 F. 2d 1545, 1549 (11th Cir. 1985); *vacated for rehearing en banc,* 774 F. 2d 428 (1985), *reinstated sub nom Hand v. Bowen,* 793 F. 2d 275 (11th Cir. 1986).

In a nutshell, Cody disagrees with several credibility findings the ALJ drew from various pieces of medical evidence. Cody fails to note that whether he or the Court would reach different conclusions from the same evidence is of no moment. The Court cannot reweigh the evidence or substitute its judgment for that of the ALJ, even if the Court would reach a different conclusion. *Dyer*, 395 F.3d at 1210. Rather, the central issue is whether the ALJ came to a conclusion which is supported by substantial evidence. The ALJ considered the subjective complaints articulated by Cody as required by regulations. 20 C.F.R. § § 404.1429, 416.929; SSR96-7. (R. 46). The ALJ articulated several reasons which the Court finds to be substantial evidence to discount the testimony from Cody regarding the intensity, persistence and limiting effects of his impairments. (R. 45-46).

The Court agrees with the Commissioner that the medical records before the ALJ show little follow up treatment. None of the follow-up treatment providers limited Cody's activities. The limited follow up records do show that from a physical viewpoint, except for loss of vision in the left eye, Cody was unremarkable. (R. 228). In fact, the treating physician described Cody as healthy in appearance, alert and oriented. (R. 228). At the hearing before the ALJ, Cody said his headaches were severe. While Cody reported intermittent headaches in his follow up medical visits, the headaches responded well to over the counter medications and anti-inflammatories. (R.165, 194, 227, 230). The inconsistencies between the testimony and the medical evidence is sufficient for the ALJ to reject the testimony Cody gave about the severity of his condition and to accept the contrary medical evidence. *See Petteway v. Comm'r of Soc. Sec.,* 2009 WL 3838371, at *1 (11th Cir. Nov. 18, 2009); *Dyer, id.*

**C.  The Commissioner met his burden of proof to show there is other work in the national economy that Cody may perform.**

The ALJ concludes that Cody cannot return to his past relevant work as a painter, pallet jack operator or loader.  (R. 47).  The burden of proof shifted to the Commissioner to show there is other work in the national economy that Cody may perform when the ALJ found Cody was unable to perform his past relevant occupation.  *Foote v. Chater,* 67 F. 3d 1553, 1559 (11th Cir. 1995).  Substantial evidence that a claimant has sufficient RFC to pursue work in the national economy exists when a vocational expert opines the claimant has enough RFC to engage in substantial gainful activity and the opinion rests upon a comprehensive hypothetical question which encompasses all claimant's limitations.  *Jones,* 190 F. 3d at 1229.  The ALJ posed a hypothetical to the vocational expert assuming all the limitations the ALJ found credible and the vocational expert listed several occupations in the national economy Cody may perform despite Cody's visual limitations.  (R. 447- 452). The Court finds the testimony from the VE sufficient to uphold the determination by the ALJ that Cody is not disabled under the Act.

## V.  CONCLUSION

For the foregoing reasons, the Court concludes that the decision of the Commissioner is due to be AFFIRMED as it is supported by substantial evidence and reflects a proper application of correct legal standards.

A separate judgment will be entered.

Done this 30th day of December, 2010.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE